# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NORMA CLAFFEY, )<br>on behalf of herself and a class, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>RIVER OAKS HYUNDAI, INC., )<br>d/b/a Thomas Hyundai, and )<br>CAPITAL ONE AUTO FINANCE, INC., )<br>)<br>Defendants. ) | Case No. 06 C 310 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Norma Claffey has sued River Oaks Hynudai, Inc., which does business as Thomas Hyundai (Thomas), and Capital One Auto Finance, Inc. (Capital One) under the Fair Credit Reporting Act (FCRA). Claffey alleges that Thomas and Capital One accessed her credit report without her consent and without a proper purpose, in violation of the FCRA. Claffey has moved pursuant to Federal Rule of Civil Procedure 23(b)(3) to certify a class of similarly situated plaintiffs. Both Thomas and Capital One oppose class certification. For the reasons stated below, the Court grants Claffey's motion.

### Facts

Claffey's claims are based on a mailer she received that notified her of pre-approved financing if she purchased an automobile from Thomas. The mailer advised that the recipient was pre-approved for a loan of up to $25,000, so long as she was at least eighteen years old, had

a monthly income of at least $1,500, and did not have a pending bankruptcy. Claffey did not satisfy the monthly income requirement. Though she did not have a pending bankruptcy case, Claffey had previously filed for bankruptcy in 2004, primarily because of medical bills incurred by her husband. In that bankruptcy case, Claffey did not disclose certain relatively minor creditors, though she later paid those creditors in full.

The mailer was sent to some 3,307 Illinois addresses. Capital One prescreened the credit reports of 2,963 of those addressees. Only twelve individuals responded to the mailer. All twelve were approved for loans, but only five entered into retail installment contracts for the purchase of vehicles. At her deposition, Claffey testified that she did not read the entire mailer and did not respond to it.

Claffey filed this lawsuit on January 19, 2006, alleging that the defendants willfully violated the FCRA because they accessed her credit report, and those of the other addressees, without their consent and without complying with the FCRA's "firm offer of credit" exception. Claffey has moved for class certification, seeking certification of a class consisting of all persons with Illinois addresses to whom defendants sent the solicitation, except for those who obtained credit as a result of responding to the solicitation.

## Discussion

To succeed on a motion for class certification, a plaintiff must satisfy all of the requirements of Federal Rules of Civil Procedure 23(a) and the requirements of one of the subsections of Rule 23(b). Rule 23(a) requires a class so large "that joinder of all members is impracticable"; the existence of "questions of law or fact common to the class"); claims by the named representative that "are typical . . . of the claims . . . of the class"; and a named

2

representative who "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Rule 23(b)(3), the part of Rule 23(b) upon which Claffey relies, requires that common questions "predominate over any question affecting only individual members" and that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3); *see Amchem Prods.,* 521 U.S. at 615.

1.  **Rule 23(a) requirements**

The Rule 23(a) requirements of commonality, typicality, and adequacy of representation tend to merge and serve as "guideposts for determining whether ... maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Amchem Prods.,* 521 U.S. at 626 n.20. The commonality and typicality requirements are intended to "ensure that only those plaintiffs ... who can advance the same factual and legal arguments may be grouped together as a class." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997).

The threshold issue in determining is whether the named representative's and the alleged class's claims have the same essential characteristics. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983). "A plaintiff's claim is typical if it arises from the same event ... or course of conduct that gives raise to the claim of other claim members and his or her claims are based on the same legal theory." *Id.* (*citing* H. Newberg, *Class Actions* § 1115(b) at 185 (1977)). The typicality requirement may be satisfied despite the existence of factual distinctions between the claim of the named plaintiff and those of the class members. *Id.*; *see also, Retired*

*Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993). There is no requirement that each member of the class have suffered precisely the same injury as the named representative. *Id.*; *see also, Twidwell v. Schweiker*, 677 F.2d 560, 566 (7th Cir. 1982).

The typicality requirement is satisfied when the claims of the named plaintiff and those of the class members have a common legal theory, even if factual differences exist. *De La Fuente*, 713 F.2d at 232. Claffey's claims against the defendants meet this requirement. Her claims, like those of the proposed class, derive from the same factual and legal background: the contention that the defendants improperly accessed their credit reports before sending out a mass mailing.

Capital One says that Claffey's claims are not typical, relying on the fact that Claffey did not read the entire offer and did not meet the offer's credit criteria. That is beside the point. The claim arises from the defendants' alleged accessing of the class members' credit reports prior to sending out the mailer, not what happened after the mailer was sent out.

The commonality requirement is satisfied for essentially the same reason. The claims of all the class members, and Claffey's claims, present at least one common legal question: whether the defendants were permitted the access the class members' credit reports on the ground that they were making a so-called "firm offer of credit" within the meaning of the FCRA.

Rule 23(a)(4)'s adequacy of representation requirement is intended to "uncover conflicts of interest between the named parties and the class they seek to represent." *Amchem Prods.*, 521 U.S. at 625. Though the adequacy inquiry may involve both the named plaintiff and counsel for the proposed class, in this case the defendants challenge only Claffey's adequacy, not that of her counsel. Defendants argue that Claffey is an inadequate class representative because she

supposedly has an erroneous understanding of the nature of the asserted claim, lied on her bankruptcy petition, and did not meet the mailer's criteria for obtaining a loan.

Defendants' first challenge is insufficient. In *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966), the Supreme Court found an immigrant plaintiff adequately represented the class even though she "did not understand her complaint at all, . . . did not know the defendants by name, and did not know the nature of [the defendant's] misconduct." *Id.* at 366. Claffey's supposed misunderstanding of the asserted claims is not so serious as to impair her ability to serve as class representative.

Claffey's failure to disclose certain matters in her bankruptcy case does not undercut her adequacy as a class representative; those earlier proceedings have no bearing on her ability to represent the class vigorously and responsibly. *McCall v. Drive Fin. Servs.*, 236 F.R.D. 246, 250-51 (E.D. Pa. 2006) (plaintiff satisfied adequacy requirement despite the felony conviction and false testimony). Claffey's alleged false statements in her bankruptcy petition do not give her a conflict of interest vis-à-vis the class. In support of its inadequacy argument, defendants cite *Brider v. Nationwide Credit Inc.*, No. 97 C 3930, 1998 WL 729747, at *3 (N.D. Ill. Oct. 13, 1998), in which the court held that a plaintiff who falsely answered questions potentially related to the lawsuit was an inadequate class representative. By contrast, Claffey's alleged false statements were made in an unrelated bankruptcy proceeding. In addition, the alleged false statements hardly seem material: Claffey is claimed to have failed to disclose two minor creditors who she intended to, and eventually did, pay in full.

Finally, though Claffey did not meet the mailed offer's credit criteria for obtaining a loan, that does not make her claims conflict with those of the class. Adequacy of representation "tends

to merge with the commonality and typicality criteria of Rule 23(a)." *Amchem Prods.*, 521 U.S. at 626 n. 20. The fact that Claffey did not qualify for obtaining a loan does not in any way affect whether her claim that her credit report was improperly accessed – which took place before the mailing was sent out – is premised on a legal theory common with that underlying the claims of other class members. The Court concludes that Claffey satisfies Rule 23(a)(4)'s adequacy requirement.

In sum, Claffey has met all of the requirements of Rule 23(a) (defendants do not challenge the numerosity of the proposed class).

## 2. Rule 23(b)(3) requirements

Class claims predominate when the proposed class is sufficiently cohesive to warrant adjudication in common rather than by way of individual suits. *Amchem Prods.*, 521 U.S. at 623. The predominance requirement of Rule 23(b)(3) is more demanding than the Rule 23(a)(2) commonality requirement. *Id.* at 623-24. In the present case, the common issues are defined as whether the mailing constituted a "firm offer of credit" and whether the defendants willfully violated the FCRA.

Whether a proposed credit offer qualifies as a "firm offer of credit" under the FCRA depends on the terms of the offer, not the idiosyncratic circumstances of the recipients. *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948, 956 (7th Cir. 2006). In *Murray*, the court said that the inquiry turns on the "four corners of the offer" and whether the offer has value to the "normal consumer," thus, making a recipient-by-recipient evaluation unnecessary. *Id.* at 955; *see also Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7th Cir. 2004). The court in *Murray* rejected the defendant's argument that a class action would be impractical because determining whether a

"firm offer of credit" was extended would require examining every recipient's circumstances. *Id.* The court indicated that the issue of whether the mailing in that case constituted a "firm offer" could "readily . . . be resolved for a class as a whole." *Id.*

The same is true in this case. The predominant issue will be whether the defendants' mailing satisfies the legal requirements for a "firm offer of credit," not any individual circumstances of the class members. Claffey has satisfied the predominance requirement of Rule 23(b)(3).

A class action is a superior method of adjudication when "economies of time, effort, and expense" are achieved "without sacrificing procedural fairness." *Amchem Prods.,* 521 U.S. at 614. Additionally, a class action is an appropriate and superior means of adjudication when the potential recovery on a claim is "too slight to support individual suits, but injury is substantial in the aggregate." *Murray,* 434 F.3d at 953 (citing *Mace v. Van Ru Credit Corp.,* 109 F.3d 338, 344-345 (7th Cir. 1997)). Such is the case here.

Defendants argue that a class action is not a superior method of adjudication because the potential liability to the class as a whole is disproportionate to the alleged harm. The Seventh Circuit rejected a similar argument in *Murray,* concluding that the alleged excessiveness of available damages is a legislative issue, not a class certification issue. *Murray,* 434 F.3d at 953. There may be constitutional limits on an eventual damage award, but any such limits "are best applied after a class has been certified." *Murray,* 434 F.3d at 954.

For these reasons, the Court concludes that the proposed class meets the requirements of Rule 23(b)(3). The definition of the class will be narrowed, however, to include only individuals

whose credit reports were prescreened. The Court agrees with defendants that persons whose credit reports were not prescreened do not have claims in common with the class.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for class certification [docket no. 27] and certifies a class consisting of all those persons with Illinois addresses who received defendants' mailer, whose credit reports were prescreened by either defendant, and who did not obtain an automobile loan as a result of receiving the mailer. The case is set for a status hearing on December 11, 2006 at 9:30 a.m. The parties are directed to meet and confer regarding the preparation of a notice to the members of the class and are directed to submit an agreed proposed notice (or separate proposals if they cannot reach agreement) to chambers by no later than December 8, 2006.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:   November 20, 2006